UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK JEROME LEWIS,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, ET AL.,<br><br>　　　　　　Defendants. | Case No. 1:23-cv-00914-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE CASE FOR FAILURE TO STATE A CLAIM WITHOUT LEAVE TO AMEND (ECF NO. 1) AND TO DENY MOTIONS FOR INJUNCTIVE RELIEF (ECF NOS. 12, 14, 16, 17, 18, 20, 21)<br><br>AND<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 11) AND TO ASSIGN A DISTRICT JUDGE<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

　　　　Plaintiff Derrick Jerome Lewis is proceeding *pro se* and *in forma pauperis* (IFP) in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action, along with a motion to proceed *in forma pauperis* (IFP), on June 16, 2023. (ECF No. 1). The Court granted Plaintiff's motion to proceed IFP on June 22, 2023. (ECF No. 8). Plaintiff also filed a motion to appoint counsel (ECF No. 11), and several motions for injunctive relief (ECF Nos. 12, 14, 16, 17, 18, 20, 21).

　　　　Plaintiff's Complaint is now before the Court for screening. Plaintiff alleges that defendants committed identity theft, fraud, forgery, and violated his Fourteenth Amendment

1

Due Process and Equal Protection rights. (ECF No. 1 at 4–7.) Plaintiff names about 40 unrelated individuals, government entities, and businesses such as Apple, Inc. and Chase Bank as Defendants.

As multiple courts have held in similar cases Plaintiff has filed in the past, this Court finds that Plaintiff fails to state any cognizable claims. Further, Plaintiff's history of litigation in this Court counsels against providing leave to amend. For these reasons, the Court recommends that Plaintiff's complaint be dismissed without leave to amend and accompanying motions for injunctive relief denied. Finally, the Court also denies Plaintiff's motion for appointment of counsel.

## I.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Additionally, as Plaintiff is proceeding *in forma pauperis* (ECF No. 11), the Court may screen the complaint under 28 U.S.C. § 1915. That statute requires that the Court dismiss the case at any time if it determines that the action is either frivolous or malicious, or "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).

## II.    SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff names Kathleen Allison, identified in parenthesis as "Global Tel Link" and also as employed as Secretary of California Department of Corrections and Rehabilitation (CDCR);[1] North Kern State Prison (NKSP); Amanda Benson, a Sacramento Public Defender; and Victoria Ibarra, a corrections officer. (ECF No. 1 at 3). In addition, Plaintiff attaches a sheet titled "Defendants (continued from page 1)" and lists 36 additional defendants that include municipalities such as City of Sacramento, government agencies such as CDCR and

---

[1] Kathleen Allison appears to be a former Secretary of CDCR.

2

1   California Department of Treasury, and private businesses, such as J.P. Morgan Chase Bank,
2   T. Mobile, and Apple, Inc. (*Id.* at 2). Plaintiff also attaches another sheet titled "Defendants
3   (continued from page 2)" following Claim 1 and before Claim 2, naming 40 individuals,
4   agencies, and businesses, most of which are duplicative. (*Id.* at 5). It is not clear whether these
5   are meant to supplement the preceding list of Defendants, or if these are Defendants associated
6   with one of the claims.
7        To the extent that Plaintiff's allegations can be discerned, Plaintiff alleges for Claim 1
8   that his Fourteenth Amendment right to due process was violated and identifies the issue as
9   "identity theft, fraud, forgery, etc." (ECF No. 1 at 4). In support of that claim, Plaintiff states
10  that on April 1, 2023, at NKSP, Plaintiff had an inmate account opened while he was at the
11  Sacramento County Jail. (ECF No. 1 at 4). Plaintiff alleges that Kathleen Allison opened the
12  account at CDCR before he was sentenced to his current prison term, and that Kathleen
13  Allison, Amanda Benson, Victoria Ibarra, Jeffrey Macomber, and Xavier Becerra "all had
14  access to and benefited from [Plaintiff's] property," which Plaintiff identifies with an ILBN
15  number.[2] (*Id.*) Plaintiff also alleges that he was "awarded through the courts with federal
16  lawsuits" that he filed, that he has different CDCR numbers, and that his identity "was used
17  fraudulently to give and receive funds" by multiple entities named as defendants. (*Id.*)
18       As to exhaustion, Plaintiff states that "admirative relief is not sufficient because these
19  criminal acts took place while [Plaintiff] was out of custody," while he was in jail.
20       For Claim 2 under the Fourteenth Amendment Equal Protection clause, Plaintiff checks
21  the box "other" for the issue involved, and identifies the issue as "fraud, identity theft, bank
22  fraud, stolen property." (*Id.* at 6). He then alleges that various individuals, from Governor of
23  California Gavin Newsom to prosecutor Ann Marie Schubert to federal judge Kimberly J.
24  Mueller, to the City of Sacramento and CDCR, all failed to protect his rights under the law,
25  while his name and identity "have all been used fraudulently by Kathleen Allison to illegally
26  obtain, transfer, and steal [Plaintiff's] federal lawsuit funds, along with" other defendants. (*Id.*)

---

[2] The Court is not familiar with this abbreviation and Plaintiff does not explain what the abbreviation or the alpha-numeric digit sequence that follows it represent.

Plaintiff further alleges that Kathleen Allison "illegally stole and sold" Plaintiff's property while doing business with various corporations such as Apple and Chase Bank, and that "a federal investigation will uncover numerous crimes committed" against him. (*Id.*)

For Claim 3 under the Fourteenth Amendment due process clause, Plaintiff again identifies the issue involved as "identity theft, fraud, bank fraud." (*Id.* at 7). In support of this claim, Plaintiff alleges that the State of California failed to protect his rights as a citizen when on April 1, 2023, NKSP and Kathleen Allison opened his inmate account, and that a Global Tel Link transaction between CDCR and Kathleen Allison allowed other defendants to have access to Plaintiff's money. (*Id.*) Plaintiff concludes his allegations with "Gavin Newsome [sic] is aware of what is happening to me!!!" (*Id.*)

Plaintiff seeks 90 billion dollars in monetary compensation and damages. (*Id.* at 8). He is also asking for control of all his accounts at various corporations, "as well as any of [Plaintiff's] money or property owned by Kathleen Allison, and North Kern State Prison, or any California Department of Corrections and Rehabilitations, prisons or properties owned through [Plaintiff's] name, and identity." (*Id.*)

### III.  LITIGATION HISTORY

As this Court previously noted in *Lewis v. Sacramento Cnty. Sch. Dist.*, No. 2:20-CV-509-KJM-KJN PS, 2020 WL 1503430, at *2 (E.D. Cal. Mar. 30, 2020), *report and recommendation adopted*, 2020 WL 1976218 (E.D. Cal. Apr. 24, 2020), Plaintiff has a history of filing cases with this court wherein he requests a waiver of the filing fee—triggering the court's duty to screen under 28 U.S.C. § 1915. A review of these cases shows Plaintiff often files suit against numerous defendants (usually in the double-digits), alleges some facet of "identity theft" or "computer fraud" style claims, and requests inordinate amounts of damages (ranging from the hundreds-of-millions to billions of dollars). These cases include the following:

    1)    2:16-cv-3029 GEB-GGH (dismissing $15 billion damages complaint against 52 defendants for failure to state a claim, despite leave to amend);

    2)    2:16-cv-3049-MCE-EFB (dismissing $12 billion damages complaint against 48 defendants for failure to state a claim and failure to amend);

3) 2:17-cv-934-TLN-EFB ($500 million in damages against 17 defendants dismissed for failure to state a claim and failure to amend);

4) 2:17-cv-939-GEB-DB ($400 million claim against 12 defendants dismissed for failure to state a claim and failure to amend);

5) 2:20-cv-00332 JAM-AC (dismissing frivolous claims for $5 million, including identity theft, without leave to amend);

6) 2:20-cv-330-KJM-EFB ($5 million identity-theft claims against 7 defendants described as "conclusory" and dismissed for failure to state a claim and failure to amend);

7) 2:20-cv-346-TLN-EFB (dismissing $550 million identity-theft claim for failure to state a claim and failure to amend);

8) 2:20-CV-509-KJM-KJN PS (dismissing without leave to amend of $795 million dollar claim for "fraud, wire transfer, and computer privacy act" because Plaintiff's complaint "consists almost entirely of fanciful and delusional allegations");

9) 2:22-cv-00856-KJM-CKD (dismissing claims for $100 million against 56 defendants, including private corporations such as Venmo, for "fraudulent transfer of funds and account info");

10) 2:22-cv-00876-TLN-KJN (dismissing without leave to amend claims of identity and wire fraud for $295 million in damages against 111 separate defendants for failure to state a claim, noting that "the complaint consists almost entirely of the same non-specific and fanciful allegations that are seen in his prior cases");

11) 2:23-cv-01595-KJM-KJN (recommending dismissal of "vague and conclusory" claims for $100 billion against 76 defendants, including Kathleen Allison and several federal judges, for stolen property, fraud, and identity theft under Fourteenth Amendment due process; property is identified by ILBN numbers);

12) 2:23-cv-02144-KJM-KJN (dismissing claims for $12 billion for stolen property and identity against 62 defendants, including Kathleen Allison, for failure to state a claim and failure to amend; property is identified by ILBN numbers);

These cases have all been dismissed at the screening stage.[3]

---

[3] Despite these repeated dismissals, Plaintiff does not appear to have three that qualify under the so-called "three strikes provision" of 28 U.S.C. § 1915(g), because most of these cases were filed when Plaintiff was not incarcerated. Moreover, the Court has not conducted a sufficient comparison between these cases and the present case to determine if collateral estoppel or issue preclusion would apply.

5

## IV. ANALYSIS OF PLAINTIFF'S COMPLAINT

### A. 42 U.S.C. § 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a *person* acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). In most cases, "person" means the same thing under § 1983 as in ordinary use. A prison is not "a person" under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989) ("'[P]erson' as used in § 1983 likewise does not include a State."); *Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) ("[S]tate agencies which are but arms of the state government are not 'persons' for purposes of the Civil Rights Act.")

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676–77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### B. Federal Rule of Civil Procedure 8(a)

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly,* 550 U.S. at 556–57.

Plaintiff's complaint does not allege sufficient facts from which the court can draw a reasonable inference that any defendant violated federal law. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff's complaint lacks the "facial plausibility" of "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Moreover, Federal Rule of Civil Procedure 9 requires much more specificity as to claims predicated on fraud which is pleaded by Plaintiff. Under Rule 9(b), a plaintiff who alleges fraud or mistake must "state with particularity the circumstances constituting fraud or mistake." Plaintiff has not clearly done so in relation any of the defendants listed on multiple pages in his Complaint. On this basis alone, Plaintiff's complaint is subject to dismissal for failure to state a claim.

### C. Improper Defendants

Additionally, Plaintiff names the state of California and various state agencies as defendants, such as CDCR, NKSP, California Department of Treasurer, and others. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Indeed, the Eleventh Amendment, and the related doctrine of sovereign immunity, prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override . . . " *Dittman*

*v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." *See Fireman's Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted), *cert. denied*, 538 U.S. 961 (2003). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court . . . ." *Dittman*, 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see also Brown v. Cal. Dep't. of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity). Accordingly, Plaintiff's putative claims against the State and state agencies are barred by the Eleventh Amendment.

Plaintiff also names various banks and private companies as defendants. However, to state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West*, 487 U.S. at 48; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff does not plead any facts that would demonstrate that these companies acted under the color of state law and therefore, they are improperly named as Defendants.

### D.  Fourteenth Amendment Equal Protection Clause

The equal protection clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class, *Hartmann*, 707 F.3d at 1123 *Furnace*, 705 F.3d at 1030, *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166–67 (9th Cir. 2005), *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Oregon Department of Agr.*, 553

1  U.S. 591, 601–02 (2008), *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000), *Lazy Y
2  Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008), *North Pacifica LLC v. City of
3  Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).

4      There are no facts alleged suggesting that any defendant intentionally discriminated
5  against Plaintiff based on his membership in a protected class or that similarly situated
6  individuals were intentionally treated different. Therefore, Plaintiff fails to state an equal
7  protection claim against any defendant.

8      **E.  Fourteenth Amendment Due Process**

9      The United States Supreme Court held that "an unauthorized intentional deprivation of
10 property by a state employee does not constitute a violation of the procedural requirements of
11 the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy
12 for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Thus, where the state
13 provides a meaningful post-deprivation remedy, only authorized, intentional deprivations
14 constitute actionable violations of the Due Process Clause. An authorized deprivation is one
15 carried out pursuant to established state procedures, regulations, or statutes. *Piatt v.
16 McDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985).

17     In his complaint, Plaintiff alleges no facts suggesting that the alleged deprivations were
18 authorized. Instead, Plaintiff alleges that his property was stolen, i.e., that it was an
19 *un*authorized deprivation. The California Legislature provided a remedy for tort claims against
20 public officials in the California Government Code §§ 900, et seq. Plaintiff does not allege he
21 sought redress in the state system for the alleged deprivation of his property. For this reason,
22 plaintiff cannot sue in federal court on the claim that the state deprived him of property without
23 due process of law.

24     **V.  LEAVE TO AMEND**

25     Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely
26 give leave [to amend] when justice so requires." However, the Court has discretion to deny
27 leave to amend if "it determines that the pleading could not possibly be cured by the allegation
28 of other facts" or is otherwise futile. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000);

*AmeriSourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). As the Supreme Court has held:

> "[A] court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless," . . . a category encompassing allegations that are "fanciful," . . . "fantastic," . . . and "delusional[.]" . . . As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."

*Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). Here, Plaintiff's complaint consists almost entirely of fanciful and delusional allegations, amending which would be futile.

As Plaintiff's litigation history shows, the Court repeatedly advised Plaintiff of pleading requirements of Rule 8 and provided Plaintiff with relevant legal standards involving the same claims (*see, e.g.*, *Lewis v. Baker*, No. 2:23-cv-01595-KJM-KJN, 2023 WL 8358485, at *2 (E.D. Cal. Dec. 1, 2023), *report and recommendation adopted*, 2024 WL 345993 (E.D. Cal. Jan. 30, 2024) (dismissing Plaintiff's due process claim for property and identity theft against Kathleen Allison after providing relevant legal standards and granting Plaintiff an opportunity to amend his complaint, as stated in 2023 WL 6813042); *Lewis v. NBC Universal*, No. 2:16-CV-3029-GEB-GGH PS, 2017 WL 118010, at *3 (E.D. Cal. Jan. 12, 2017) (providing both Rule 8 and Rule 9 pleading standards to Plaintiff)). In his previous lawsuits, Plaintiff has been repeatedly advised that his claims against the state and state agencies are barred by sovereign immunity, and that he needs to plead facts that show defendants acted under color of state law. Plaintiff nevertheless fails to allege any plausible claim and continues to file lawsuits consisting of fanciful and delusional allegations against defendants who are immune to such suits. Moreover, when the Court previously granted Plaintiff leave to amend in previous cases, Plaintiff either failed to file an amended complaint, filed a complaint that still failed to state a claim, or responded with "inappropriate and unsupported remarks" regarding the judge granting Plaintiff leave to amend and other members of this Court. *Lewis*, 2023 WL 8358485, at *3. For these reasons, the Court concludes that granting Plaintiff leave to amend would be futile.

### VI. APPOINTMENT OF COUNSEL

On August 21, 2023, Plaintiff filed a motion for appointment of *pro bono* counsel. (ECF No. 11). Plaintiff states that he seeks to enjoin Defendants named in this action from "stealing, fraud, identity theft, sale of stolen property and constitutional rights violations;" that he is entitled to redress he seeks; that he has zero assets, no money coming into his possession, and no income, and therefore, unable to afford the costs of this action or to employ counsel. (*Id.*)

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

This case does not present exceptional circumstances that would warrant appointment of counsel. Accordingly, the Court denies Plaintiff's request for counsel.

### VII. ORDERS AND RECOMMENDATIONS

The Court finds that Plaintiff's complaint fails to state any cognizable claims and that granting leave to amend would be futile. Plaintiff also failed to demonstrate exceptional circumstances that warrant appointment of pro bono counsel.

In addition, Plaintiff filed several motions for injunctive relief, ECF Nos. 12, 13, 14 (with accompanying affidavit ECF No. 15), 16, 17, 18, 20, 21, but given that the Court does not find any cognizable claims, the Court will recommend dismissal of these motions for the same reasons.

The Court will take no action on Plaintiff's Notice containing purported Last Will and Testament (ECF No. 19).

Accordingly, it is **ORDERED** that:

1. The Clerk of Court is directed to assign a district judge to this case;
2. Plaintiff's Motion for Appointment of Counsel (ECF No. 11) is **DENIED**.

It is further **RECOMMENDED**:

1. Plaintiff's complaint (ECF No. 1) be dismissed, with prejudice, for failure to state a claim;
2. Plaintiff's motions for injunctive relief (ECF Nos. 12, 13, 14, 16, 17, 18, 20, 21) be **DENIED**.
3. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __February 26, 2024__        /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE